CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 0 2 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROSCOE DOWNEY, JR., | ) |
| | ) Civil Action No. 7:05CV00190 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(I) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Roscoe Downey, Jr., was born on May 24, 1959, and was eventually graduated from high school. Mr. Downey has past work experience as a cashier, security guard, bartender, and package delivery man. Apparently, he last worked on a regular and sustained basis in February, 1996. Mr. Downey originally filed application for a period of disability and disability insurance

benefits on March 8, 2001. He alleged that he became disabled for all forms of substantial gainful employment on February 17, 1996, due to degenerative disc disease, central disc herniation, and high blood pressure. Plaintiff's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 13, 2003, the Law Judge also determined that Mr. Downey was not disabled, and that he was not entitled to a period of disability and disability insurance benefits. The Social Security Administration's Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. Mr. Downey then appealed to this court. By a memorandum opinion and order entered December 8, 2003, the court affirmed the final decision of the Commissioner.

On September 3, 2003, Mr. Downey filed a new application for a period of disability and disability insurance benefits. Sometime later, he filed an application for supplemental security income benefits. Plaintiff now maintains that he became disabled for all forms of substantial gainful employment on January 30, 1999 due to low back pain radiating into his right leg, numbness in his feet and hands, high blood pressure, and depression. He contends that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Downey met the insured status requirements of the Act through the fourth quarter of 2003, but not thereafter. See, gen., 42 U.S.C. §§ 414 and 423. Consequently, the plaintiff is entitled to disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before December 31, 2003. See, gen., 42 U.S.C. § 423.

Mr. Downey's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 9, 2005, the Law Judge also determined that Mr. Downey is not disabled.

2

While the Law Judge failed to make explicit findings as to the nature and diagnoses of plaintiff's physical and emotional problems, a review of the Law Judge's "evaluation of the evidence" suggests findings of chronic disc disease, chest pain with a history of an old myocardial infarction, and depression. Despite these problems, the Law Judge ruled that Mr. Downey retains sufficient functional capacity to return to his past relevant work as a cashier or security guard. Accordingly, the Law Judge ultimately concluded that Mr. Downey is not disabled, and that he is not entitled to benefits under either federal program. See, gen., 20 C.F.R. § § 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Downey has again appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Downey suffered a herniated disc in 1994. He underwent surgery. Since that time, he has continued to complain of severe pain in his back, radiating into his lower extremities. Diagnostic studies have revealed no

3

indication of recurrent or residual disc protrusion, though he does suffer from degenerative disc disease in his lower back. In 2004, a cardiovascular workup revealed evidence of an old inferior/posterior myocardial infarction. There was no evidence of active ischemia, and plaintiff's chest pain was not thought to be anginal. Mr. Downey also has a history of depression, and has undergone consultative evaluation by a psychiatrist. While plaintiff's combination of impairments is undoubtedly "severe" within the meaning of the governing administrative regulations, the court believes that the medical records support the Law Judge's finding that plaintiff retains sufficient functional capacity to return to the essentially sedentary to light work he previously performed as a security guard. It follows that the Commissioner's final decision must be affirmed.

On appeal to this court, plaintiff argues that the Law Judge erred in three respects: (1) the Law Judge improperly evaluated plaintiff's impairments of depression and anxiety; (2) the Law Judge failed to give controlling weight to the findings and opinions of plaintiff's treating physicians; and (3) the Law Judge improperly disregarded plaintiff's testimony as to his disability. While the court believes that the Law Judge's analysis of the vocational factors is somewhat deficient, the court is unable to agree that the Law Judge erred in assessing the medical record.

The court is unable to conclude that the findings of plaintiff's treating physicians, Dr. Ronald Goings and Dr. Aubrey C. Hall, support the notion that plaintiff's combination of impairments is totally disabling. Since his work-related back injury in 1994, and following his subsequent back surgery, Mr. Downey has complained of persistent and debilitating back pain. Most of his treatment has been provided by Dr. Goings, who is apparently a family physician. Dr. Goings' records confirm plaintiff's persistent complaints, as well as plaintiff's history of alcohol abuse. While Dr. Goings noted some limitation of motion, his clinical findings are not overly remarkable. Dr. Goings

4

arranged for Mr. Downey to receive epidural steroid injections for pain control, though with little success. Dr. Goings referred plaintiff for a neurological evaluation in December 2002. The neurologist, Dr. Mark E. Shaffrey, reported that a lumbar MRI scan showed minimal evidence of epidural fibrosis and no evidence of recurrent or residual disc protrusion. Dr. Shaffrey found no need for surgery, and recommended referral to a pain management clinic.

Mr. Downey believes that Dr. Goings' reports support a finding of total disability. It is true that in a short medical statement dated in early 2004, Dr. Goings did check a box indicating permanent and total disability. However, in a much more comprehensive medical source statement dated October 26, 2004, Dr. Goings produced findings which indicate residual functional capacity for sedentary to light/sedentary levels of work. Specifically, Dr. Goings indicated that Mr. Downey's capacity for sitting is not affected by his back impairment. (TR 322). Dr. Goings concluded that Mr. Downey "is capable of doing more than he thinks he can" and that plaintiff is not completely disabled. (TR 322).

Mr. Downey also argues that the internist, Dr. Aubrey Hall, has documented totally disabling physical impairments. As previously noted, Dr. Hall initially saw Mr. Downey for a cardiovascular workup. After documenting an old inferior myocardial infarction through diagnostic testing, Dr. Hall reported that Mr. Downey did not appear to suffer from active cardiovascular disease process. It is true that in a one sentence letter dated November 29, 2004, Dr. Hall reported that plaintiff is totally and permanently disabled, though from chronic back pain associated with degenerative disc disease rather than cardiovascular impairment. Once again, Dr. Hall's evaluation was directed to plaintiff's cardiac status. In any event, in a more detailed medical source statement tendered one

5

month earlier, Dr. Hall also indicated that Mr. Downey's capacity for sitting is not overly impaired. (TR. 326).

Considering the medical record, the court must conclude that the evidence supports the Law Judge's finding that plaintiff's physical impairments are not so severe as to prevent performance of past relevant work as a security guard. There is simply no objective evidence of any significant or disabling musculoskeletal or cardiovascular condition. Mr. Downey suffers from degenerative disc disease, which can be expected to prevent extensive standing, walking, and lifting. However, diagnostic studies have confirmed that he does not experience recurrent herniation or disc protrusion. Likewise, while plaintiff had a small myocardial infarction earlier in his life, there is no objective evidence of any ischemia or cardiovascular blockage. Based on their more detailed medical source statements, the court believes that the Law Judge properly interpreted input from Dr. Goings and Dr. Hall so as to indicate the existence of residual functional capacity for at least sedentary to light/sedentary levels of activity.

On appeal to this court, plaintiff's primary contention is that the Law Judge understated the impact of plaintiff's depression and anxiety. It seems that after his surgical procedure, and during the years that followed, plaintiff's physicians noted depression as one component of his overall condition. As a result, the state disability agency referred Mr. Downey for psychiatric evaluation by Dr. Thomas Sarvay. Dr. Sarvay rendered a report on September 25, 2003. On review of mental status, Dr. Sarvay noted a flattened affect and depressed mood. The psychiatrist diagnosed a single episode of major depressive disorder. Dr. Sarvay listed a current GAF of 55 to 60. He noted plaintiff's prognosis as follows:

6

In view of the severity and chronicity of the patient's symptomatology, his prognosis for improvement in the next 12 months is extremely guarded. This prognosis could be significantly helped with adequate outpatient psychiatric treatment including drug therapy. (TR. 224)

The court does not believe that Dr. Sarvay's report stands for the proposition that Mr. Downey's depression is so severe as to prevent performance of the past relevant work role for which he is otherwise physically capable. Dr. Sarvay's report suggests that much of plaintiff's depression appears to have been situational, and associated with decreased physical capacity. The psychiatrist also observed that Mr. Downey had not received any regular mental health treatment. Indeed, the medical record developed after Dr. Sarvay's report was submitted also indicates that Mr. Downey has not availed himself of regular mental health services. Most importantly, the court notes that, even at the time of his examination, Dr. Sarvay described a GAF of 55 to 60, which indicates only moderate symptomatology.[1] Thus, while Dr. Sarvay's report can be read to indicate that Mr. Downey's condition is likely to remain unchanged without professional intervention, there is no indication that the psychiatrist considered plaintiff's existing depression to be disabling in overall impact. The court believes that the record supports the Law Judge's finding that Dr. Sarvay's report does not confirm the existence of such a level of dysfunction as would prevent performance of past relevant work.

While the court does not believe that the Law Judge erred in his review of the medical record, the court finds that the Law Judge's opinion is somewhat deficient in the assessment of the

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, Text Revision. Washington, DC, American Psychiatric Association, 2000. P. 44-48.

7

Case 7:05-cv-00190-GEC   Document 16   Filed 12/02/05   Page 7 of 10   Pageid#: 62

requirements of plaintiff's past relevant work roles. Although a vocational expert was present at the time of the administrative hearing, the vocational expert did not testify. Thus, there is little indication as to what was required of Mr. Downey in the performance of his jobs as a cashier and security guard. At the hearing, plaintiff testified that he was required to do "a little bit" of lifting in his job as a cashier. (TR. 357-58). His job as a "gate guard" required a lot of sitting and a lot of standing. (TR.358). In filing his applications for benefits, Mr. Downey completed a "work history report." (TR. 102-09). In that report, he described his work as a security guard as follows:

> Sit in booth at the gate and let people on and off the property. Walk around the building and lock doors. Watch closed circuit monitors of various cameras around building. (TR. 104)

He went on to indicate that in his job, he was required to sit for six hours, stand for one hour, and walk for one hour. (TR 104). The job "didn't require lifting or carrying." (TR. 104).

While the court experiences some doubt as to whether Mr. Downey could still perform the lifting required in his past work as a cashier, the court finds nothing in the medical records, including the reports of Dr. Goings, Dr. Hall, and Dr. Sarvay, which would indicate that plaintiff could not perform the work activity required in his past job as a security guard. Furthermore, even assuming that he could not return to work as a security guard, the court believes that the medical record supports the notion that Mr. Downey could perform a variety of other, sedentary work roles. In any event, the court believes that there is substantial evidence to support the Commissioner's finding that plaintiff is not disabled for past relevant work as a security guard, and that he is therefore not eligible for a period of disability, disability insurance benefits, or supplemental security income benefits. It follows that the Commissioner's final decision must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Downey is totally free of pain, back discomfort, and depression. Indeed, the medical record confirms that plaintiff suffers from degenerative disc disease, and that he can be expected to suffer from significant discomfort in his lower back, especially when he lifts or remains on his feet for a sustained period. Also, it is clear that plaintiff suffers from a moderate level of depression. On the other hand, the physicians who have documented the existence of these problems have also produced reports which indicate that plaintiff retains sufficient functional capacity for sedentary to light/sedentary levels of work. Other than for Dr. Hall's single statement, which was based on physical problems other than those for which Dr. Hall had seen Mr. Downey, and the statement from Dr. Goings that was later contradicted, the medical record gives no indication that plaintiff is totally disabled. It must be recognized that the inability to work without any subjective complaints does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Given the medical record, the court believes that the Administrative Law Judge might reasonably conclude that some portions of plaintiff's testimony are not consistent with the evidence of record. In any event, it is clear that the Administrative Law Judge did consider plaintiff's testimony in his adjudication of Mr. Downey's applications for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by

9

substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 2d day of DECEMBER, 2005.

/s/ Jack Conrad
United States District Judge